UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DYANE V. SMITH,

                Plaintiff,                                      REPORT AND
                                                                         RECOMMENDATION
  -against-

                                                                         19 CV 1638 (AMD)(RML)

DAVID R. SMITH,

                Defendant.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated July 19, 2019, the Honorable Ann M. Donnelly, United States District Judge, referred plaintiff's motion for a default judgment to me for report and recommendation. On September 13, 2019, I issued a Report and Recommendation recommending that plaintiff's motion be denied and that this case be dismissed for failure to state a claim. (See Report and Recommendation, dated Sept. 13, 2019, Dkt. No. 10.) On November 4, 2019, plaintiff requested leave to amend her complaint, which Judge Donnelly granted. (See Order, dated Jan. 16, 2020.) Plaintiff again moved for a default judgment on March 11, 2020, and Judge Donnelly referred that motion to me. (See Order, dated Mar. 12, 2020.) For the reasons stated below, I respectfully recommend that plaintiff's motion be denied for lack of proper service of the Amended Complaint.

        As the Supreme Court has explained, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996). In following the Supreme Court's definition of acceptable service, the Second Circuit has held that there must be notice "reasonably calculated

to provide actual notice of the action." Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 258 (2d Cir. 1991) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Federal Rule of Civil Procedure 12(b)(5) therefore allows a court to dismiss a complaint for "insufficient service of process." Service of process is in turn governed by Federal Rule 4, which authorizes service of process on individuals in one of two ways: by complying with applicable state rules for service of process, or by delivering the summons and complaint to the defendant personally or to a person of suitable age and discretion at the person's usual place of abode. FED. R. CIV. P. 4(e)(1)-(2). New York law authorizes various ways to effect service of a summons and complaint on a natural person, including (1) personal delivery; (2) delivery to a person of suitable age and discretion at the individual's dwelling or place of business; (3) delivery to a designated agent; (4) affixing the summons to the door of the dwelling or business place of the individual and mailing the summons to the individual's last known residence, where the process server could not with "due diligence" personally serve the defendant or a person of suitable age and discretion; (5) other means as ordered by the court; or (6) first-class mail with a return envelope, postage prepaid, and a returned acknowledgement of receipt. N.Y. C.P.L.R. §§ 308, 312–a.

Plaintiff used none of these methods. Rather, according to her Affirmation of Service, plaintiff simply mailed the Amended Complaint to defendant at his purported address, 3140 82nd St., East Elmhurst, N.Y. 11370.[1] (See Affirmation of Service of Dyane V. Smith,

---

[1] Plaintiff does not state the basis of her knowledge that this is defendant's home address. It also bears noting that plaintiff's original complaint was served by a process server using "nail and mail" service. (See Affidavit of Service of Robert Degiuli, sworn to Apr. 8, 2019, Dkt. No. 5.) The affidavit states: "Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there 04/03/2019 6:44 AM, 04/04/2019 9:43 AM." (Id.) "The due diligence requirement of CPLR 308(4) must be strictly observed, given the
(Continued….)

Esq., dated Jan. 17, 2020, Dkt. No. 16-1; United States Postal Service Receipt, Dkt. No. 16-2.) This is insufficient.

In the absence of proper service, this court lacks personal jurisdiction over defendant. S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co., No. 15 CV 6183, 2017 WL 913625, at *6 (E.D.N.Y. Jan. 17, 2017), report and recommendation adopted, 2017 WL 912042 (E.D.N.Y. Mar. 7, 2017). I therefore respectfully recommend that plaintiff's motion for a default judgment be denied. See Copelco Cap. Inc. v. Gen. Consl. of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) ("A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'") (quoting 10 Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2682, at 407 (2d ed. 1983)).

---

reduced likelihood that a summons served pursuant to that section will be received." Jordan v. Pierre, No. 18 CV 8528, 2019 WL 2461721, at *1 (S.D.N.Y. May 28, 2019) (quoting O'Connell v. Post, 811 N.Y.S.2d 441, 442 (2d Dep't 2006)). Two attempts, one of which was during normal business hours, does not constitute due diligence. See MJC Supply, LLC v. Powis, No. 18 CV 1539, 2019 WL 1429625, at *4 (E.D.N.Y. Mar. 29, 2019) (at least three attempts at in-person service, preferably on non-consecutive days and during non-business hours, generally constitutes due diligence under N.Y. C.P.L.R. § 308(4)); Gross Found., Inc. v. Goldner, No. 12 CV 1496, 2012 WL 6021441, at *4 (E.D.N.Y. Dec. 4, 2012) ("New York courts have held that three attempts at personal service on the defendant at his residence when the defendant could reasonably be expected to be there, on different days of the week and at different times, constitutes due diligence") (collecting cases). Courts have also found due diligence lacking where the process server made no attempt to check telephone listings or government records to confirm the defendant's home address or workplace. See Estate of Waterman v. Jones, 843 N.Y.S. 2d 462, 465 (2d Dep't 2007).

Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
August 5, 2020