```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
DYANE V. SMITH,                                                 :
                                                                :
                                Plaintiff,                      :
                                                                :   MEMORANDUM DECISION
                    - against -                                 :   AND ORDER
                                                                :
DAVID R. SMITH,                                                 :   19-CV-01638 (AMD) (RML)
                                                                :
                                Defendant.                      :
                                                                :
--------------------------------------------------------------- X
```

**ANN M. DONNELLY,** United States District Judge:

  The plaintiff filed this lawsuit against her ex-husband in March of 2019, seeking, in essence, to force him to pay outstanding federal income tax for the tax years 2000 and 2001. (ECF No. 1.)  She attempted to serve the defendant through a process server, who affixed the summons to the defendant's door.  (ECF No. 5.)  The defendant did not respond to the complaint or appear in this action, and the Clerk of Court entered a certificate of default against him.  (ECF No. 8.)  On June 13, 2019, the plaintiff moved for default judgment (ECF No. 9), and I referred the motion to Magistrate Judge Robert M. Levy for a Report and Recommendation.  In a September 13, 2019 Report and Recommendation, Jude Levy recommended that I deny the plaintiff's motion because there is no private right of action to enforce a federal tax lien, and because her claim was "matrimonial in nature" and thus her recourse was in state court.  (ECF No. 10 at 4.)

  The plaintiff then filed objections to the R&R, as well as a "motion for summary judgment" and a request to amend her complaint.  (ECF Nos. 13, 14.)  I directed her to file the proposed amended complaint, and then granted her request to amend, which mooted her motion

for default judgment.[1]  The plaintiff filed an amended complaint on January 17, 2020 and sent it to the defendant by certified mail.  (ECF No. 16.)  The defendant did not respond to the amended complaint, and the Clerk of Court entered another certificate of default against him.  (ECF No. 18.)  On March 11, 2020, the plaintiff again moved for default judgment (ECF No. 19), and I referred the motion to Judge Levy for a Report and Recommendation.

Judge Levy issued a second Report and Recommendation on August 5, 2020, recommending that I deny the plaintiff's motion, this time because she did not properly serve the amended complaint; instead she "simply mailed the Amended Complaint to the defendant at his purported address."  (ECF No. 20 at 2.)  The plaintiff filed a timely objection to Judge Levy's report.  (ECF No. 22.)  For the reasons that follow, I adopt Judge Levy's Report and Recommendation in its entirety.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error."  *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted).  The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3).

---

[1] The plaintiff makes multiple objections to Judge Levy's first Report and Recommendation.  Because the issues the plaintiff raised in her first motion are moot, I do not consider the plaintiff's objections to Judge Levy's first report.

2

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776. 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted).  Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

The plaintiff concedes that she mailed the amended complaint to the defendant.  She argues, however, that she did not have to serve the amended complaint because the defendant has never appeared in this matter. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").  This is true, however, only if service of the original complaint was proper. *United States v. Cally*, 197 F.R.D. 27, 28 (E.D.N.Y. 2000) ("[I]f service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated.") (citation omitted).  The plaintiff did not properly serve the first complaint.

Under New York law, a litigant may effect proper service "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode . . . and by . . . mailing the summons to such person at his or her last known residence;" this form of service, known as 'nail and mail' service, is permitted only after personal or substituted service "cannot be made with due diligence." N.Y. C.P.L.R. 308(4).  Thus, a process server must make

3

diligent attempts to serve a defendant personally or through substituted service before resorting to nail and mail service. *Id.*; *see also County of Nassau v. Letosky*, 34 A.D.3d 414, 414 (2d Dep't 2006). While New York courts have not adopted "a per se rule as to what constitutes 'due diligence' under Section 308," *Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011), "the due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received," *McSorley v. Spear*, 50 A.D.3d 652, 653 (2d Dep't 2008) (citation omitted).

According to the affidavit of service, the plaintiff's process server made two attempts to serve the defendant personally or to serve a substitute. The server called the defendant's home twice: on April 3, 2019 at 6:44 a.m. and again on April 4, 2019 at 9:43 a.m. (ECF No. 5 at 3.) The server then affixed a copy of the complaint to the defendant's door. (*Id.*) "New York courts have held unambiguously that two attempts at in-hand service before resorting to so-called nail-and-mail" do not satisfy Section 308 due diligence standards. *MJC Supply, LLC v. Powis*, 2019 WL 2271789, at *3 (E.D.N.Y. Feb. 20, 2019), *report and recommendation adopted as modified*, 2019 WL 1429625 (E.D.N.Y. Mar. 29, 2019). "Only three or more responsible attempts suffice[ ] to award money on default." *Dolan v. Linnen*, 753 N.Y.S.2d 682, 701 (Civ. Ct. 2003); *see also Cornhill LLC v. Sposato*, 54 N.Y.S.3d 548, 553 (N.Y. City Ct. 2017) ("a minimum of three personal service attempts are required, with at least two attempts on dates and times when it can reasonably be expected that the person to be served will not be at work or in transit"); *Gallo v. City of New York*, 954 N.Y.S.2d 759 (Sup. Ct. 2012) (collecting cases). The plaintiff's process

server made only two attempts to serve the defendant via phone call, one of which occurred during business hours, and thus, the "nail and mail" service was improper.[2]

Since service of the original complaint was improper, the defendant has not yet had the opportunity to respond or make an appearance in this action. Because the plaintiff filed an amended complaint before the defendant "default[ed] on the original complaint . . . Rule 5(a)(2) is inapplicable." *United States v. Coleman*, 2018 WL 1005313, at *6 (E.D.N.Y. Jan. 26, 2018), *report and recommendation adopted*, 2018 WL 1010208 (E.D.N.Y. Feb. 20, 2018). Thus, the plaintiff was required to serve the defendant with the amended complaint.

The plaintiff sent the amended complaint to the defendant by certified mail, which is not proper service. Service by certified mail is not an approved method for service of process under federal law. *Morris v. N.Y. Gaming Comm'n*, 2019 WL 2423716, at *3 (W.D.N.Y. Mar. 14, 2019), *report and recommendation adopted*, 2019 WL 2423203 (W.D.N.Y. June 10, 2019). New York law does permit service by first class mail "as an alternative to the methods of personal service," N.Y. Civ. Prac. L. & R. § 312-a(a), but only under these circumstances:

> [T]he defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service.

N.Y. Civ. Prac. L. & R. § 312-a(b). The plaintiff has not produced a signed acknowledgement of receipt of service as proof of service by first class mail. Accordingly, Judge Levy was correct

---

[2] Judge Levy's recommendation in the first R&R was not premised on improper service, and his observation that the defendant "was served with the summons and complaint on April 6, 2019 via 'nail and mail' at his residence" was not a ruling that service was proper. (ECF No. 10 at 1.)

that service of the amended complaint was improper.  The Court lacks personal jurisdiction over the defendant, and the entries of default must be vacated.

## CONCLUSION

For the reasons stated above, I adopt Judge Levy's thoughtful and well-reasoned Report and Recommendation in its entirety.  The plaintiff's motion for default judgment is denied, and the Clerk of Court is respectfully directed to vacate the entries of default due to improper service.  The plaintiff is directed to serve the defendant with the amended complaint within thirty days.

**SO ORDERED.**

                                                  s/Ann M. Donnelly  
                                                  ANN M. DONNELLY  
                                                  United States District Judge

Dated: Brooklyn, New York  
       October 29, 2020