UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DYANE V. SMITH,

                Plaintiff,                              REPORT AND
                                                           RECOMMENDATION

   -against-

                                                                     19 CV 1638 (AMD)(RML)

DAVID R. SMITH,

                Defendant.
------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated December 18, 2020, the Honorable Ann M. Donnelly, United States District Judge, referred plaintiff's third motion for default judgment to me for report and recommendation. Plaintiff filed a supplemental submission in support of her motion on April 22, 2021. (See Update in Support of Motion for Default Judgment and Contempt Sanctions, dated Apr. 22, 2021, Dkt. No. 33.) For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.

        After her previous motion for default judgment was denied due to improper service of process (see Memorandum Decision and Order, dated Oct. 29, 2020, Dkt. No. 24), plaintiff Dyane V. Smith ("plaintiff") re-filed her Amended Complaint and again attempted service on defendant David R. Smith ("defendant"). (See Declaration of Service of Nnamdi Erskine, dated Nov. 12, 2020 ("Service Decl."), Dkt. No. 28-1.) According to the process server's declaration, the summons was left with a person of suitable age and discretion, an alleged "co-tenant" named Hariclia "Doe," at 3140 82nd Street in East Elmhurst, New York, on November 10, 2020 at 3:39 p.m. (Id.) The person who received the summons is described as a white female, approximately 60 to 70 years of age, with black/grey hair, 5'4-5'8, 131-160 lbs.

(Id.)  The process server also mailed the summons and Amended Complaint to David R. Smith at 3140 82nd Street, East Elmhurst, N.Y. 11370.  (Affidavit of Service of Nnamdi Erskine, sworn to Nov. 12, 2020 ("Service Aff."), Dkt. No. 28-2.)

Once again, however, nowhere in any of plaintiff's submissions does she state the basis of her knowledge that this is defendant's home address.  (See Report and Recommendation, dated Aug. 5, 2020, Dkt. No. 20, at 2 n.1.)  As previously explained, a plaintiff seeking a default judgment must offer proof of proper service.  See FED. R. CIV. P. 4(l)(1); N.Y. C.P.L.R. § 3215(f); see also Khaldei v. Kaspiev, No. 10 CV 8328, 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014) (explaining that "a plaintiff bears the burden of demonstrating that service of process was validly effected.").  Federal Rule of Civil Procedure 4(e)(2)(B) provides that service of process may be effected by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. . . ."  FED. R. CIV. P. 4(e)(2)(B).  In addition, Federal Rule 4(e)(1) states that a plaintiff may rely on the laws governing service of process "in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Under New York law, service upon a "natural person" may be completed "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and then mailing the summons to the last known address or actual place of business of the person to be served.  N.Y. C.P.L.R. §§ 308(2).

Proof of such service may be established by a process server's affidavit.  See FED. R. CIV. P. 4(l)(1); Columbia Pictures Indus., Inc. v. Cap King, No. 08 CV 4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010).  Nevertheless, "an affidavit may be insufficient proof when it fails to explicitly indicate how the process server knows that she [or he] is at the correct

2

address or that the individual being served has authority to accept service." United States v. John, No. 18 CV 5045, 2020 WL 4915371, at *2 (E.D.N.Y. Aug. 21, 2020) (citing Joe Hand Promotions, Inc. v. Dilone, No. 19 CV 871, 2020 WL 2572271, at *3 (E.D.N.Y. Jan. 23, 2020) (finding affidavit of service inadequate because it "state[d], without elaborating on how it is known, that the Broadway Address was [defendant's] address and is bare as to any details of [the process server's] conversation . . . that may have confirmed or denied [defendant's] residence."), report and recommendation adopted in relevant part, 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020)); see also J&J Sports Prods., Inc. v. Dowling, No. 18 CV 5086, 2020 WL 7090205, at *2 (E.D.N.Y. Dec. 3, 2020) (holding delivery of summons and complaint to person of suitable age and discretion at defendant's purported dwelling insufficient where plaintiff did not offer "independent proof" that this was defendant's "actual dwelling" at the time of service.); cf. Cao Xue Fen v. Yu Choi Wan, No. 09 CV 1336, 2009 WL 10712997, at *1 (E.D.N.Y. Dec. 23, 2009) (noting that personal delivery on an unidentified, alleged co-worker of defendant, who refused to tell the process server her name, "leaves open the issue of whether service was properly effected, particularly when the defendant has failed to answer the complaint"), report and recommendation adopted, 2010 WL 11651768 (E.D.N.Y. Feb. 1, 2010).

Here, the declaration and affidavit of service include no facts to establish that either defendant or Hariclia Doe resided at the home. There is only the process server's bare assertion that Hariclia Doe was a "co-tenant." (See Service Decl.; Service Aff.) Without an explanation as to how the process server acquired this information—for example, that he learned it from a conversation with Hariclia Doe—nothing in the affidavit establishes that defendant did in fact reside at 3140 82nd Street in East Elmhurst, New York at the time of service. Accordingly, the service was improper.

This is not a matter of elevating form over substance. It is a matter of jurisdiction and due process. As previously explained, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996). In the absence of proper service, the court lacks personal jurisdiction over defendant. S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co., No. 15 CV 6183, 2017 WL 913625, at *6 (E.D.N.Y. Jan. 17, 2017), report and recommendation adopted, 2017 WL 912042 (E.D.N.Y. Mar. 7, 2017); Copelco Cap. Inc. v. Gen. Consl. of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996). I therefore respectfully recommend that plaintiff's motion for default judgment be denied.

Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____  
ROBERT M. LEVY  
Unites States Magistrate Judge

Dated: Brooklyn, New York  
      July 22, 2021