```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
DYANE V. SMITH,                                                 :
                                                                :
                            Plaintiff,                          :
                                                                :   MEMORANDUM DECISION
                   - against -                                  :   AND ORDER
                                                                :
DAVID R. SMITH,                                                 :   19-CV-01638 (AMD) (RML)
                                                                :
                            Defendant.                          :
                                                                :
--------------------------------------------------------------- X
```

**ANN M. DONNELLY,** United States District Judge:

The plaintiff filed this lawsuit against her ex-husband in March of 2019, seeking, in essence, to force him to pay outstanding federal income tax for the tax years 2000 and 2001. (ECF No. 1.) She attempted to serve the defendant through a process server, who affixed the summons to the defendant's door. (ECF No. 5.) The defendant did not respond to the complaint or appear in this action, and the Clerk of Court entered a certificate of default against him. (ECF No. 8.) On June 13, 2019, the plaintiff moved for default judgment (ECF No. 9), and I referred the motion to Magistrate Judge Robert M. Levy for a Report and Recommendation. In a September 13, 2019 Report and Recommendation, Jude Levy recommended that I deny the plaintiff's motion because there is no private right of action to enforce a federal tax lien, and, because her claim was "matrimonial in nature," her recourse was in state court. (ECF No. 10 at 4.)

The plaintiff filed objections to the Report and Recommendation, as well as a "motion for summary judgment" and a request to amend her complaint. (ECF Nos. 13, 14.) I directed her to file the proposed amended complaint, and granted her request to amend, which mooted her

motion for default judgment. The plaintiff filed an amended complaint on January 17, 2020 and sent it to the defendant by certified mail. (ECF No. 16.) The defendant did not respond to the amended complaint, and the Clerk of Court entered another certificate of default against him. (ECF No. 18.) On March 11, 2020, the plaintiff again moved for default judgment (ECF No. 19), and I referred the motion to Judge Levy for a Report and Recommendation.

Judge Levy issued a second Report and Recommendation on August 5, 2020, recommending that I deny the plaintiff's motion, this time because she did not properly serve the amended complaint; instead she "simply mailed the Amended Complaint to the defendant at his purported address." (ECF No. 20 at 2.) The plaintiff again objected to Judge Levy's report. (ECF No. 22.) I adopted Judge Levy's recommendation on October 29, 2020, finding no error. (ECF No. 24.)

The plaintiff filed a second amended complaint on November 4, 2020. (ECF No. 26.) This time, she attempted to serve the defendant via process service who left the summons at the defendant's purported residence with a "co-tenant" named "Hariclia 'Doe.'" (ECF No. 28-1.) The plaintiff again moved for default judgment on December 17, 2020, and I referred the motion to Judge Levy. (ECF No. 32.) On July 22, 2021, Judge Levy issued a thoughtful Report and Recommendation recommending that I deny the plaintiff's motion because she did not state the basis of her knowledge that the address where the process server delivered the summons was the defendant's current home address. (ECF No. 34 at 2.) For the reasons set forth below, I adopt Judge Levy's Report and Recommendation in its entirety.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's

objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776. 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

The plaintiff argues that the Judge Levy's decision places an "additional burden" on her to "go to extraordinary lengths to prove or otherwise defend proof of service" at the defendant's current address. (ECF No. 36 at 6.) She claims that service upon Hariclia Doe was proper because she was "an individual of suitable age and discretion at the Defendant's residence." (*Id.* at 7.) The plaintiff also suggests that she submitted "undisputed" evidence of the defendant's

3

home address in the form of exhibits included in her objection to Judge Levy's prior Report and Recommendation. (*Id.* at 8; ECF Nos. 22-1-22-3.)[1]

As an initial matter, Judge Levy is correct that the process server's affidavit is insufficient to establish that the summons was delivered to the defendant's current address, which the plaintiff alleges is 3140 82nd Street in East Elmhurst, New York. Ordinarily, proof of service may be established by a process server's affidavit, which is generally considered *prima facie* evidence. *See Columbia Pictures Indus., Inc. v. Cap King*, No. 08-CV-4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010); *see also* Fed. R. Civ. P. 4(l)(1). However, "an affidavit may be insufficient proof when it fails to explicitly indicate how the process server knows that she is at the correct address or that the individual being served has authority to accept service." *United States v. John*, No. 18-CV-5045, 2020 WL 4915371, at *2 (E.D.N.Y. Aug. 21, 2020) (citing *Joe Hand Promotions, Inc. v. Dilone*, No. 19-CV-871, 2020 WL 2572271, at *3 (E.D.N.Y. Jan. 23, 2020) (finding affidavit inadequate because it "state[d], without elaborating on how it is known, that the Broadway Address was [defendant's] address and is bare as to any details of [the process server's] conversation . . . that may have confirmed or denied [defendant's] residence.")).

The affidavit the plaintiff's process server submitted indicates that he served the summons on Hariclia Doe, the defendant's alleged "co-tenant." (ECF Nos. 28-1 & 28-2.) However, the affidavit does not explain how the process server knew that Hariclia Doe was the

---

[1] In addition to the plaintiff's objections, she also submitted supplementary exhibits and affidavits. (See ECF Nos. 36-1-36-7.) However, even in a *pro se* action, "absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Xu v. City of New York*, No. 08-CV-11339, 2021 WL 1222119, at *2 (S.D.N.Y. Mar. 31, 2021) (citing *Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)). The plaintiff has provided no such compelling reasons. Accordingly, the Court will not consider the new evidence.

defendant's co-tenant. Instead, the process server describes what the alleged co-tenant looked like; there is nothing to show that the defendant lived at 3140 82nd Street.

The plaintiff does not seem to deny that the affidavit, standing alone, is insufficient to prove service of process. She argues, instead, that the affidavit together with the exhibits she submitted in her September 2020 objection to Judge Levy's Report and Recommendation proves that she served the correct address. (ECF No. 36 at 7-8.) However, the plaintiff submitted these exhibits over two months before she tried to serve the second amended complaint; these exhibits do not establish that the defendant was residing at 3140 82nd Street in November of 2020. Thus, even considering this additional documentation, the plaintiff has not provided sufficient proof of the defendant's home address.

The process server also sent the amended complaint to the defendant by certified mail, which is not proper service. Service by certified mail is not an approved method for service of process under federal law. *Morris v. N.Y. Gaming Comm'n*, 2019 WL 2423716, at *3 (W.D.N.Y. Mar. 14, 2019), *report and recommendation adopted*, 2019 WL 2423203 (W.D.N.Y. June 10, 2019). New York law does permit service by first class mail "as an alternative to the methods of personal service," N.Y. Civ. Prac. L. & R. § 312-a(a), but only under these circumstances:

> [T]he defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service.

5

N.Y. Civ. Prac. L. & R. § 312-a(b). The plaintiff has not produced a signed acknowledgement of receipt of service as proof of service by first class mail. Accordingly, service of the amended complaint via mail was also improper. The Court lacks personal jurisdiction over the defendant, and the entry of default must be vacated.

## CONCLUSION

For the reasons stated above, I adopt Judge Levy's thoughtful and well-reasoned Report and Recommendation in its entirety. The plaintiff's motion for default judgment is denied, and the Clerk of Court is respectfully directed to vacate the entries of default due to improper service and mail a copy of this order to the *pro se* plaintiff. The plaintiff is directed to serve the defendant with the amended complaint within thirty days. Upon submission of her summons returned as executed, the plaintiff should include an affidavit from a process server sufficient to establish proof of the defendant's current address, as well as any current documentation regarding the defendant's home address in her possession. If she does not effectuate proper service on this attempt, the complaint will be dismissed for failure to prosecute.

**SO ORDERED.**

                                                                                   s/Ann M. Donnelly
                                                                                   _____
                                                                                   ANN M. DONNELLY
                                                                                   United States District Judge

Dated: Brooklyn, New York
        August 10, 2021