UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
DYANE V. SMITH,

                     Plaintiff,                        REPORT AND
                                            RECOMMENDATION

    -against-
                                           19 CV 1638 (AMD)(RML)

DAVID R. SMITH,

                     Defendant.
---------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated October 13, 2021, the Honorable Ann M. Donnelly, United States

District Judge, referred plaintiff's motion for default judgment and contempt sanctions to me for

report and recommendation.  For the reasons stated below, I respectfully recommend that the

motion be denied and that this case be dismissed.

## PROCEDURAL HISTORY AND FACTS

        Familiarity with the prior proceedings is assumed.  Briefly, plaintiff *pro se* Dyane

V. Smith ("plaintiff"), a Connecticut resident, filed this diversity action in March 2019 against

her former spouse, David R. Smith ("defendant").  Plaintiff filed an Amended Complaint in

December 2019.  (See Amended Complaint, dated Dec. 6, 2019 ("Am. Compl."), Dkt. No. 15.)

Plaintiff's previous motions for default judgment were denied due to inadequate proof of proper

service.  (See Memorandum Decision and Order, dated Oct. 29, 2020, Dkt. No. 24;

Memorandum Decision and Order, dated Aug. 10, 2021, Dkt. No. 37; Memorandum Decision

and Order, dated Aug. 18, 2021, Dkt. No. 43.)[1]

---

[1]  Without addressing the problems with service of process, I initially issued a Report and
Recommendation recommending that this case be dismissed for failure to state a claim.  (See
Report and Recommendation, dated Sept. 13, 2019, Dkt. No. 10.)  Plaintiff was then granted
                                                        (continued….)

Plaintiff has now filed satisfactory proof of service, showing that defendant was personally served with the Amended Complaint at his residence in East Elmhurst, New York. (See Declaration of Service of Joseph Staropoli, dated Aug. 31, 2021, Dkt. No. 46 (stating that process server ascertained defendant's address by a Motor Vehicle Registration Search and identified defendant by "self admission" and based on photographs of defendant).)  The Clerk of the Court noted defendant's default on September 22, 2021.  (Clerk's Certificate of Default, dated Sept. 22, 2021, Dkt. No. 49.)

Plaintiff's claims arise out of her 2003 divorce from defendant in Connecticut. (See generally Am. Compl.)  Under the terms of the Connecticut Superior Court's Final Judgment Decree of Dissolution (the "Divorce Judgment"), plaintiff was awarded the marital home in Redding, Connecticut, ownership of which was transferred to her on August 8, 2003. (Id. ¶¶ 6, 12; Memorandum of Decision, attached to Am. Compl. as Ex. A, Dkt. No. 15-3.) Defendant was to "be responsible for all debts on his financial affidavit, as well as all debts in his name for which he could be liable, which are not yet reflected as debts on his financial affidavit, *particularly those pertaining to taxes*" and to "hold [plaintiff] indemnified and harmless for the debts the court has ordered him liable."  (Am. Compl. ¶ 7 (emphasis added); see also id., Ex. A at 45.)

On September 15, 2003, the United States recorded a Notice of Federal Tax Lien against defendant in the amount of $65,758.19.  (Am. Compl. ¶ 13.)  On June 13, 2011, the United States recorded a second Notice of Federal Tax Lien against plaintiff as "transferee and/or nominee of David R. Smith."  (Id. ¶ 14.)  Plaintiff filed a quiet title action in the United States District Court for the District of Connecticut, which resulted in a default judgment against

leave to amend her complaint, and the Report and Recommendation was rendered moot.  (See Order, dated Jan. 16, 2020.)

defendant for outstanding federal income tax liabilities for tax years 2000 and 2001 in the amount of $66,987.63, plus interest and other statutory accruals. (See id. ¶¶ 15-17; Judgment, dated Nov. 8, 2012, Dkt. No. 9-1, Ex. 2.) However, the court denied plaintiff's motion to remove the federal tax lien from her property, and also denied the United States' counterclaim against her for foreclosure. See Smith v. United States, No. 11 CV 1996, 2014 WL 902589 (D. Conn. Mar. 7, 2014). Plaintiff alleges that defendant's outstanding federal income tax liability has grown to over $85,918 including interest and penalties. (Am. Compl. ¶ 31; Plaintiff's Memorandum of Law in Support of Motion for Default Judgment and Contempt Sanctions, dated Oct. 11, 2021 ("Pl.'s Mem."), Dkt. No. 50-2, at 6.)

Plaintiff seeks an order holding defendant in civil contempt and ordering "civil coercive sanctions, including, if necessary, the issuance of a capias for his arrest and imprisonment for his criminal conduct until such time as he voluntarily cures his contempt by paying his income tax debt for tax years 2000 and 2001 in full such that the Notice of Federal Tax Lien(s) is withdrawn from the Plaintiff's Property." (Am. Compl. ¶ 23.) Plaintiff asks the court to issue an order garnishing defendant's social security benefits to pay his federal tax debt. (Id. at 13.) She also alleges that defendant's "deliberate evasion of collection of his debt" has "intentionally caused her severe emotional distress," for which she seeks $340,000 in punitive damages. (Id. at 2-3 and ¶¶ 42, 51.)

## DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action. FED. R. CIV. P. 55; Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first obtain an entry of default from the Clerk of the Court, as plaintiff has

done here.  FED. R. CIV. P. 55(a).  Once default is established, the court must "accept all. . . factual allegations as true and draw all reasonable inferences in" the moving party's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the court still must determine whether the allegations and evidence establish the defendant's liability as a matter of law.  Id. ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted.").  Plaintiff asserts claims for unjust enrichment, intentional infliction of emotional distress, and contempt of the Connecticut state court Divorce Judgment.  I will address each claim in turn.

     A.  Unjust Enrichment

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover."  Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (citing Clark v. Daby, 300 A.D.2d 732, 751 N.Y.S.2d 622, 623 (2002)).  "The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered."  GFRE, Inc. v. U.S. Bank, N.A., 130 A.D.3d 569, 570 (2d Dep't 2015) (citations and quotation marks omitted).

Defendant has not received anything from plaintiff, and plaintiff has not paid any money to satisfy defendant's tax debt.  Rather, plaintiff's sole claim for damages appears to rest on her inability to refinance her mortgage and lower her interest rate due to the tax lien.  (See Pl.'s Mem. at 11 n.1.)  This is surely aggravating, but it does not state a claim for unjust enrichment against defendant.  See, e.g., Roller v. Red Payments L.L.C., No. 19 CV5285, 2021 WL 505558, at *6 (E.D.N.Y. Feb. 11, 2021) ("[W]here Plaintiffs have not and, if the allegations

are credited, cannot plead that they paid any money to Defendant, there can be no unjust enrichment.").

B. Intentional Infliction of Emotional Distress

The elements of a claim for intentional infliction of emotional distress ("IIED") are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress. Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. New York Post Co., 612 N.E.2d 699 (N.Y. 1993)); Petkewicz v. Dutchess Cty. Dep't of Cmty. & Fam. Servs., 27 N.Y.S.3d 264, 266 (2d Dep't 2016). These requirements, especially that of extreme and outrageous conduct, "are rigorous and difficult to satisfy." Howell, 612 N.E.2d at 702; see also Murphy v. Am. Home Prods. Corp., 448 N.E.2d 86, 90 (N.Y. 1983) (describing IIED as a "strict standard"). A plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Jain v. City of New York, No. 20 CV 5442, 2021 WL 6064204, at *4 (S.D.N.Y. Dec. 22, 2021) (quoting Ivery v. Baldauf, 284 F. Supp. 3d 426, 441 (W.D.N.Y. 2018) (internal quotation marks omitted)). The standard is so high because IIED is a "highly disfavored tort under New York law . . . to be invoked only as a last resort." Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 158 (2d Cir. 2014) (internal quotation marks and alterations omitted).

The conduct plaintiff alleges in her Amended Complaint does not come close to meeting this high standard. (See Am. Compl. at 2 and ¶¶ 42-51.) The failure to pay federal

income taxes or comply with the terms of a divorce judgment do not constitute "extreme and outrageous" behavior.[2]

### C.  Violation of State Court Judgment

Plaintiff argues that defendant

> has violated a State Court Final Judgment and is in contempt of an indemnification clause intended to protect the Plaintiff and hold her harmless from ANY liability for tax debt incurred solely in Smith's name. <u>The fact that Smith owes federal income taxes to the I.R.S. is only incidental and arguably irrelevant to this lawsuit.</u> The harm the Plaintiff suffers is precisely the harm the State of Connecticut enjoined. The Plaintiff has incurred damages and otherwise significant economic harm due to Smith's contempt of court orders as her Property is encumbered with an Abstract of Judgment Lien notice in the amount of $63,298.88 plus accrued interest, now greater than $90,000.00.

(Pl.'s Mem. at 11) (emphasis in original).  Plaintiff seeks "damages through a finding of contempt, in the amount of $416 monthly until such time as the damages are paid or the judgment debt is released, whichever is sooner or further orders that Smith face coercive

---

[2] The Amended Complaint details a litany of additional allegations against defendant, including that he failed to pay child support and alimony, evaded wage garnishment by quitting his job, and "[h]id his whereabouts to frustrate the Plaintiff's attempt to hold him in contempt in Connecticut for contempt of all the State Court orders."  (See Am. Compl. ¶ 19.)  While all of these allegations are accepted as true for purposes of the instant motion, none rises to the level of "extreme and outrageous" conduct, as courts have held that conduct arguably more harmful than the conduct plaintiff alleges cannot sustain a claim for IIED.  E.g., <u>Martin v. Citibank, N.A.</u>, 762 F.2d 212, 220 (2d Cir. 1985) (subjecting an employee to a polygraph test on the basis of race did not support claim for IIED); <u>Biberaj v. Pritchard Indus.</u>, 859 F. Supp. 2d 549, 557, 565 (S.D.N.Y. 2012) (supervisors' repeated direction of profanities at employee, including calling her a "[b]itch, slut, [and] whore," were insufficiently extreme and outrageous); <u>Semper v. N.Y. Methodist Hosp.</u>, 786 F. Supp. 2d 566, 587 (E.D.N.Y. 2011) ("Acts which merely constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating criticism, intimidation, insults or other indignities fail to sustain a claim of IIED because the conduct alleged is not sufficiently outrageous." (citation omitted)); <u>Elmowitz v. Exec. Towers at Lido, LLC</u>, 571 F. Supp. 2d 370, 379 (E.D.N.Y. 2008) (publicly shouting derogatory remarks and hitting plaintiff multiple times with a telephone was insufficiently extreme and outrageous).

sanctions including incarceration should he fail to heed court orders to make this restitution." (Id. at 11-12; see also Am. Compl. ¶ 23.)

Plaintiff has cited no authority demonstrating that this court has jurisdiction to enforce the Connecticut Superior Court Divorce Judgment or to find defendant in contempt of that judgment.  In fact, under the "domestic relations" or "matrimonial" exception to diversity jurisdiction, a federal district court may not involve itself in "issues 'on the verge' of being matrimonial in nature" in view of the state courts' "'great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts.'" UBS Fin. Servs. Inc. v. Mantovi, No. 17 CV 5921, 2018 WL 1747043, at *1 (E.D.N.Y. Apr. 11, 2018) (quoting Am. Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990)).  Nor does plaintiff have standing to enforce a federal tax judgment or lien.  (See Report and Recommendation, dated Sept. 13, 2019, Dkt. No. 10.)

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be denied, and that this case be dismissed.  Any objections to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Donnelly and to my chambers within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,


_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge


Dated: Brooklyn, New York
        March 25, 2022

7