UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
**DYANE V. SMITH,**

         Plaintiff,

     - against -

**DAVID R. SMITH,**

         Defendant.

----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-CV-1638 (AMD) (RML)

**ANN M. DONNELLY**, United States District Judge:

     The *pro se* plaintiff filed this lawsuit against her ex-husband in March of 2019, seeking, in essence, to force him to pay outstanding federal income tax for the tax years 2000 and 2001; the plaintiff's claims arise out of her 2003 Connecticut divorce from the defendant.[1] (ECF No. 1.) Before the Court are the plaintiff's objections to Magistrate Judge Robert M. Levy's recommendation that I deny the plaintiff's motion for default and dismiss the case. For the reasons that follow, I adopt Judge Levy's thorough and persuasive Report and Recommendation in its entirety.

## BACKGROUND

     The plaintiff and the defendant divorced in 2003. As part of the final decree, the Connecticut Superior Court awarded the plaintiff a Redding, Connecticut home; the court also ruled that the defendant "was to 'be responsible for all debts on his financial affidavit, as well as all debts in his name for which he could be liable, which are not yet reflected as debts on his financial affidavit, particularly those pertaining to taxes' and to 'hold [the plaintiff] indemnified and harmless for the debts the court has ordered him liable.'" (ECF No. 51 at 2 (emphasis

---

[1] Although the plaintiff is *pro se*, she is a lawyer.

omitted).) The plaintiff sued the defendant in this Court, claiming "[v]iolation of the [state court] Final Judgment Decree," unjust enrichment and intentional infliction of emotional distress ("IIED"). (ECF No. 1 at 1.)

This is the plaintiff's fourth motion for default judgment. Judge Levy recommended that I deny the plaintiff's first motion because there is no private right of action to enforce a federal tax lien, and that her recourse was in state court because her claims were "matrimonial in nature."[2] (ECF No. 10 at 4.) The plaintiff objected to the Report and Recommendation, made a "motion for summary judgment," and asked to amend her complaint. (ECF Nos. 13, 14.) I directed her to file the proposed amended complaint, and granted her request to amend, which mooted her motion for default judgment. The plaintiff filed an amended complaint on January 17, 2020 and sent it to the defendant by certified mail. (ECF No. 16.) The defendant did not respond, and the Clerk of Court entered a certificate of default against him. (ECF No. 18.) On March 11, 2020, the plaintiff again moved for default judgment (ECF No. 19), and I referred the motion to Judge Levy for a Report and Recommendation.

In his August 5, 2020 Report and Recommendation, Judge Levy recommended that I deny the plaintiff's motion because she did not properly serve the amended complaint; instead she "simply mailed the Amended Complaint to the defendant at his purported address." (ECF No. 20 at 2.) The plaintiff objected to Judge Levy's report. (ECF No. 22.) I adopted Judge Levy's recommendation on October 29, 2020. (ECF No. 24.)

The plaintiff filed a second amended complaint on November 4, 2020. (ECF No. 26.) This time, a process server left the summons at the defendant's purported residence with a "co-tenant" named "Hariclia 'Doe.'" (ECF No. 28-1.) Once again, the plaintiff moved for default

---

[2] Judge Levy did not address the plaintiff's failure to serve the defendant properly.

judgment on December 17, 2020, and I referred the motion to Judge Levy.  (ECF No. 32.)  Judge Levy recommended that I deny the plaintiff's motion because she did not establish that the defendant lived at the address where the process server delivered the summons.  (ECF No. 34 at 2.)  The plaintiff also objected to this recommendation.  (ECF No. 36.)  I adopted Judge Levy's recommendation on August 11, 2021 and directed the plaintiff to serve the defendant with an amended complaint and to file an affidavit from a process server sufficient to establish proof of the defendant's current address.  (ECF No. 37.)  Instead, the plaintiff filed four successive motions for "a more definite statement," each of which I denied.  (ECF Nos. 38-41.)  Then on August 17, 2021, the plaintiff filed a motion for reconsideration, in which she asked that the "Court reconsider the evidence" she submitted with her objection to Judge Levy's Report and Recommendation.  (ECF No. 42.)  I denied the motion for reconsideration on August 19, 2021.  (ECF No. 43.)

On September 1, 2021, the plaintiff filed proof of service, showing that the defendant was personally served with the amended complaint at his residence.  (ECF No. 46.)  The Clerk of the Court noted the defendant's default on September 22, 2021.  (ECF No. 49.)  On October 11, 2021, the plaintiff moved for default judgment and contempt sanctions, and I referred the motion to Judge Levy.  (ECF No. 50.)  On March 25, 2022, Judge Levy issued a comprehensive Report and Recommendation recommending that I deny the plaintiff's motion and dismiss the case because she did not state a claim for unjust enrichment, the alleged conduct did "not come close to meeting [the] high standard" for IIED, and because the Court does not have jurisdiction to enforce the Connecticut state court divorce judgment.  (ECF No. 51.)  The plaintiff objected to Judge Levy's Report and Recommendation.  (ECF No. 53.)  For the reasons that follow, I adopt Judge Levy's Report and Recommendation in its entirety.

3

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "If a party 'makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014) (quoting *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776. 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

In objecting to Judge Levy's Report and Recommendation, the plaintiff largely repeats the arguments she made in her motion for default judgment and contempt sanctions (*see, e.g.*, ECF No. 53 at 5, 10 ("Below in relevant part is the discussion set forth in the Plaintiff's Memorandum [in support of the motion for default judgment and contempt sanctions.]")), and also raises arguments about findings that Judge Levy did not make in his Report and Recommendation. (*See id.* at 8.) For example, the plaintiff objects that the *Rooker-Feldman*

4

doctrine does not apply to her claims. (*Id.* at 8-9.) However, Judge Levy did not discuss the *Rooker-Feldman* doctrine. Rather he opined that the domestic relations exception to diversity jurisdiction applied to the plaintiff's claim that the defendant violated the terms of the 2003 Connecticut state court divorce judgment. (ECF No. 51 at 7.) Because the plaintiff simply reiterates the arguments she made in the motion for default judgment and contempt sanctions, I review Judge Levy's Report and Recommendation for clear error. *See Velasquez*, 12 F. Supp. 3d at 397.

Judge Levy's characteristically well-reasoned and careful Report and Recommendation contains no error. Judge Levy is correct that the domestic relations exception to diversity jurisdiction applies to the facts of this case, and the Court does not have jurisdiction to enforce the terms of a state court divorce decree. "Under this exception, federal courts are divested of jurisdiction in 'cases involving the issuance of a divorce, alimony, or child custody decree,' and should further abstain from exercising jurisdiction over cases 'on the verge' of being matrimonial in nature." *Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) and *Am. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam)); *see also Am. Airlines*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").[3]

As Judge Levy explained, the "[p]laintiff has cited no authority demonstrating that this [C]ourt has jurisdiction to enforce the Connecticut Superior Court Divorce Judgment or to find

---

[3] Although the Second Circuit decided *American Airlines*, 905 F.2d 12 (2d Cir. 1990) before the Supreme Court decided *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), courts in the Second Circuit have continued to employ the court's "on the verge" language. *See Genger v. Genger*, 252 F. Supp. 3d 362, 366 (S.D.N.Y. 2017) (collecting cases).

5

[the] defendant in contempt of that judgment." (ECF No. 51 at 7.) On the contrary, the Second Circuit and courts in this circuit "have found that claims verged on being matrimonial in nature where a plaintiff sought relief related to the alleged violation of a state court order distributing marital property." *Ranney v. Bauza*, No. 10-CV-7519, 2011 WL 4056896, at *3 (S.D.N.Y. Aug. 31, 2011) (quotation marks and citation omitted). In *Hamilton*, the Second Circuit applied the domestic relations doctrine exception because the plaintiff's request was "grounded in his ex-wife's purported violation of a New York state court Order for Temporary Support and a New York state court Final Judgement of Divorce, both of which, in addition to assigning responsibility for outstanding loans and debts, distribute[d] marital property and provide[d] for child custody arrangements and child support." *Hamilton*, 363 F. App'x at 769. The court explained that "[t]he obligation that [the plaintiff] seeks to enforce is . . . 'matrimonial in nature' and is best left to the greater interest and expertise of state courts in this field." *Id.* (internal quotation marks omitted); *see also Ranney*, 2011 WL 4056896, at *3-4 (finding that the plaintiff's claims were "sufficiently 'on the verge of being matrimonial in nature' to warrant abstention" because the agreement at issue was incorporated into a divorce judgment); *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499 (S.D.N.Y. 2004) (finding that although the plaintiff did not seek a divorce, alimony or custody decree, abstention was appropriate because the plaintiff's claim for breach of a separation agreement was on the verge of being matrimonial in nature); *Weiss v. Weiss*, 375 F. Supp. 2d 10, 16 (D. Conn. 2005) (finding that the domestic relations exception precluded jurisdiction because the agreement at issue "was inextricably tied to the remainder of the property settlement, which was specifically incorporated by reference into the divorce judgment").

The plaintiff "seeks to enforce the [Connecticut] State Court's indemnification clause [in the divorce judgment] intended to protect her from harm from [the defendant's] failure, refusal and neglect to pay his federal tax debt." (ECF No. 50 at 14.)  As Judge Levy found, this claim verges on being matrimonial in nature.  (ECF No. 51 at 7); *see Hamilton*, 363 F. App'x at 769; *Ranney*, 2011 WL 4056896, at *3.  The plaintiff has not identified any obstacle to the full and fair determination of this claim in state court.  Therefore, the Court should abstain from exercising jurisdiction over the plaintiff's claim to enforce the state court judgment.

I have also carefully reviewed Judge Levy's recommendations with respect to plaintiff's claims for unjust enrichment and IIED, and find no error.  Judge Levy is correct that the plaintiff has not stated a claim for unjust enrichment because she "has not paid any money to satisfy [the] defendant's tax debt," and her claim for damages "rest[s] on her inability to refinance her mortgage and lower her interest rate due to the tax lien."[4]  (ECF No. 51 at 4); *see Roller v. Red Payments L.L.C.*, No. 19-CV-5285, 2021 WL 505558, at *6 (E.D.N.Y. Feb. 11, 2021) ("[W]here Plaintiffs have not and . . . cannot plead that they paid any money to Defendant, there can be no unjust enrichment.").  In addition, to assert a claim for IIED, "[a] plaintiff must show that the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'"  (ECF No. 51 at 5 (quoting *Jain v. City of New York*, No. 20-CV-5442, 2021 WL 6064204, at *4 (S.D.N.Y. Dec. 22, 2021)).)  Judge Levy correctly found that the alleged conduct did "not come close to meeting this high standard."  (*Id.*)

Accordingly, I adopt the Report and Recommendation in its entirety.

---

[4] The plaintiff acknowledges that "[i]n 2021[,] the United States withdrew the federal tax liens encumbering the [p]laintiff's property." (ECF No. 53 at 4.)

7

## CONCLUSION

For these reasons, the plaintiff's motion for default judgment is denied, and this case is dismissed. The Clerk of Court is respectfully directed to close this case.[5]

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        May 10, 2022

---

[5] The plaintiff has amended her complaint twice, and has not asked to file a third amended complaint. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."); *see also Hamilton*, 363 F. App'x at 768 (determining that granting the plaintiff leave to amend his pleading was "not appropriate" because the domestic relations doctrine exception precluded his claims).

8